**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RUBIN CRAIN, IV,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:14-CV-3711-L-BK** |
| | § | |
| **DALLAS COUNTY SHERIFF,** | § | |
| **Respondents.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Dallas County jail inmate proceeding *pro se*, filed a federal habeas corpus

petition under 28 U.S.C. § 2254, which was automatically referred to the magistrate judge.  *See*

28 U.S.C. § 636(b) and *Special Order 3*.  For the reasons that follow, it is recommended that the

petition be dismissed for failure to exhaust state court remedies.

## I.  BACKGROUND

On August 4, 2012, Petitioner was convicted of burglary of a building and was sentenced

to ten years' imprisonment.  *See State v. Crain*, No. F12-54318 (Crim. Dist. Court No. 7, Dallas

County 2012), *aff'd*, No. 05-12-01219-CR, 2014 WL 357398 (Tex. App. – Dallas, Jan. 31, 2014,

pet. ref'd).  On August 19, 2014, Petitioner filed an application for writ of habeas corpus

pursuant to Texas Code of Criminal Procedure article 11.07, which is currently pending before

the Texas Court of Criminal Appeals.  *Ex parte Crain*, No. WR-49,450-04 (received by Texas

Court of Criminal Appeals Oct. 6, 2014).  In his federal petition, filed October 16, 2014,

Petitioner alleges ineffective assistance of counsel at trial and on appeal.  [Doc. 3 at 6-7].  He

filed a prior federal petition, which was summarily dismissed for failure to exhaust state court

remedies.  *Crain v. Dallas County Sheriff,* No. 3:14-CV-0920-M-BN, 2014 WL 4594523 (N.D.

Tex. Aug. 27, 2014), recommendation accepted, 2014 WL 4555662 (N.D. Tex. Sep. 12, 2014).

## II.  ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims.  *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."  *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement.  A review of his petition and the state courts' docket sheets (available online) confirms that his state habeas application is presently pending before the Texas Court of Criminal Appeals.  Because the Court of Criminal Appeals has not yet had an opportunity to consider Petitioner's claims of ineffective assistance of counsel, they remain unexhausted.

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be **DISMISSED** without prejudice for failure to exhaust state court remedies.  *See* 28 U.S.C. §

2254(b) and (c).[1]

SIGNED October 20, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is cautioned that the 1996 amendments to the habeas corpus statute impose a
one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. §
2244(d), and that this provision is applicable to this petition as well as to any other petition that
he may file in this court.  Thus, Petitioner should act diligently and expediently if he intends to
seek habeas corpus relief in both state and federal court.